**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 14 2013, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TRACEY YEAGER**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID A. WARNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 07A05-1207-CR-386 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
Cause No. 07C01-1008-FA-278

**May 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

David Warner appeals his convictions for class B felony dealing methamphetamine and class B misdemeanor possession of a switchblade. He claims the trial court erred by prohibiting cross-examination of his cohort about her initial plea agreement, which the trial court rejected. We affirm.

FACTS AND PROCEDURAL HISTORY

In August 2010, Warner and Marilyn Bowers were arrested and charged with various crimes when police found them at a Brown County barn containing a meth lab.

Bowers entered into a plea agreement with the State in which she agreed to testify against Warner, but the court rejected the agreement when Bowers failed to provide a factual basis. Later, while her case was still pending, Bowers gave testimony at a deposition in Warner's case, for which the court had granted her use immunity.

Before Warner's jury trial, Bowers entered into another plea agreement with the State. In exchange for Bowers's guilty plea to a reduced charge of class B felony dealing methamphetamine, the State agreed to dismiss the other charges against her and to recommend a sentence of ten years with six years executed and the remainder suspended to probation. This second agreement did not require Bowers to testify against Warner. The court accepted the agreement and sentenced her accordingly.

Bowers was subsequently a State's witness at Warner's jury trial. The court prohibited Warner's lawyer from cross-examining her about the rejected plea agreement on grounds that it was in the nature of plea negotiations. The court did allow Warner to ask whether she had indicated she was willing to cooperate and about the terms of the second plea agreement.

2

Bowers testified that she was charged with several crimes including class A felony dealing methamphetamine. She further testified that she agreed to cooperate, gave a statement under use immunity against Warner before his trial, and later pled guilty to class B felony dealing methamphetamine. She stated that she received ten years with six years executed and four years suspended to probation, instead of the potential fifty years she could have received on the A felony. She further noted that she could be out of prison in three years for good behavior or even less if the court granted her request for placement in community corrections.

The jury found Warner guilty on multiple counts, and the court entered judgments of conviction for class B felony dealing methamphetamine and class B misdemeanor possession of a switchblade. It sentenced Warner to an aggregate term of nine years.

ISSUE

Did the trial court violate Warner's Sixth Amendment confrontation rights by prohibiting cross-examination of Bowers about her rejected plea agreement?

DISCUSSION AND DECISION

The Sixth Amendment right of confrontation requires that a defendant be afforded the opportunity to conduct effective cross-examination of a State's witness to test that witness's believability. *Thornton v. State*, 712 N.E.2d 960, 963 (Ind. 1999); *McCorker v. State*, 797 N.E.2d 257, 266 (Ind. 2003) ("The full extent of the benefit offered to a witness is relevant to the jury's determination of the weight and credibility of the witness's testimony."). However, this right is subject to reasonable limitations placed at the discretion of the trial court. *Thornton*, 712 N.E.2d at 963.

3

Warner claims that the trial court's limitation on cross-examination prevented him from revealing Bowers's bias in favor of the State, since only the rejected plea agreement required her to testify against him at trial. We disagree. The jury learned from Bowers's testimony that she was willing to cooperate, gave a statement against Warner before trial, pled guilty to a lesser charge thereby considerably reducing her penal exposure, and received a lenient sentence. This information adequately informed the jury of Bowers's potential motivation for testifying against Warner. The extent of permitted cross-examination did not violate Warner's Sixth Amendment rights. *See Seketa v. State*, 817 N.E.2d 690, 694 (Ind. Ct. App. 2004) (no abuse of discretion where court limited cross-examination of witness on his plea discussions and his rejection of plea agreement).[1]

## CONCLUSION

We therefore affirm Warner's convictions.

NAJAM, J., and BRADFORD, J., concur.

---

[1] Warner also contends that the trial court violated his state constitutional confrontation right but offers no argument as to how the state analysis differs from the federal analysis. He thus waives the claim for lack of cogent argument.